UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

03cv10359 MEL

| | |
|---|---|
| JOSEPH T. SYLVIA and KEVIN SULLIVAN<br>Plaintiffs | |
| vs. | COMPLAINT and DEMAND FOR JURY TRIAL |
| CITY OF TAUNTON<br>Defendant | |

RECEIPT # 45781
AMOUNT $ 150
SUMMONS ISSUED Y
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED ✓
BY DPTY. CLK. OSS
DATE 2/25/03

MAGISTRATE JUDGE Dein

## INTRODUCTION

Despite receiving extensive guidelines on the proper computation of overtime, the City of Taunton has consistently undercalculated overtime payments for its blue collar workers. Plaintiffs now bring this action for that delinquent overtime pay against the City as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. Plaintiffs seek back overtime pay, liquidated damages, attorney fees, interests and costs for themselves and other similarly situated employees in their bargaining unit.

## JURISDICTION AND VENUE

2.      Jurisdiction over this action is conferred on this court under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## PARTIES

3.      Venue in this district is appropriate pursuant to 28 U.S.C. § 1391 because the City of Taunton resides in this district and because the events or omissions giving rise to this claim occurred in this district.

DOCKETED

①

4. The named plaintiffs are employees of the City of Taunton. They seek back overtime pay under the FLSA, 29 U.S.C. § 207, for themselves and other similarly situated employees in their bargaining unit.

5. Plaintiff Joe Sylvia resides in North Dighton, Massachusetts, and has been employed by the City of Taunton since 1982. Plaintiff Sylvia is an employee in the Sewer Department of the City in a bargaining unit represented by Laborers' International Union of North America, AFL-CIO, Public Employees Local Union 1144 ("Local 1144"). Plaintiff Sylvia is a member and the elected Recording Secretary of Local 1144.

6. Plaintiff Kevin Sullivan resides in East Taunton, Massachusetts, and has been employed by the City of Taunton since 1986. Plaintiff Sullivan is also employed in Sewer Department of the City in a bargaining unit represented by Local 1144 and is a member and the elected Sergeant of Arms of Local 1144.

7. Each of the named Plaintiffs has given his consent in writing to become a party plaintiff in this action. These consents are attached hereto as Exhibit A.

8. At all relevant times, the Plaintiffs and other bargaining unit members are or have been non-exempt employees of the City of Taunton within the meaning of 29 U.S.C. § 203(e).

9. Defendant City of Taunton is a municipal corporation in Bristol County in the Commonwealth of Massachusetts. At all relevant times, the City of Taunton has been an employer within the meaning of 29 U.S.C. § 203(d).

## COLLECTIVE ACTION

10. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees in their bargaining unit who opt in to this action pursuant to 29 U.S.C. § 216(b).

## STATEMENT OF FACTS

11. Since 1966, non-supervisory employees in the Park/Recreation Department, the Cemetery Department, the Department of Public Works, and the Taunton Nursing Home, and Custodians in the Police Department, Library and City Hall have been represented in a single bargaining unit by Local 1144 (hereinafter, the "Blue Collar unit"). Under successive collective bargaining agreements, these employees in the Blue Collar unit have been entitled to pay above and beyond base hourly pay for evening and nighttime shifts, for hazardous duty, for work in higher classifications and for longevity.

12. In September 1994, the City Solicitor for the City of Taunton advised Department Heads in the City of Taunton of the City's obligation under the Fair Labor Standards Act to ensure that overtime pay for its employees be calculated based on the correct "regular rate of pay," including remuneration in addition to base hourly pay such as shift differentials, hazard pay differential and premiums for work in a higher classification.

13. Despite the City Solicitor's directive to City Department Heads regarding the calculation of the "regular rate of pay" for purposes of overtime calculation, the City's practice has been to fail to properly include the additional remuneration in calculating such rates for members of the Blue Collar unit. Plaintiffs are informed and believe that the City has failed, on a regular basis, to properly calculate those rates since on or before 1999.

14. On numerous occasions, between 1999 and the present, plaintiffs and other bargaining unit members have performed overtime work for the City of Taunton. Plaintiffs have not been paid the full one and a half times their regular rate of pay for such work, and are informed and believe that other bargaining unit members also were not paid their full one and a half times their regular rate of pay for such work.

## CLAIM FOR RELIEF - VIOLATION OF THE
## FAIR LABOR STANDARDS ACT

15. Plaintiffs hereby restate, reallege and incorporate by reference the allegations of paragraphs 1 through 13 above.

16. Under the Fair Labor Standards Act, the City of Taunton was required to pay Plaintiffs and other employees in the Blue Collar unit at a rate not less than one and one-half times the "regular rate" at which such employees are employed for all hours worked longer than forty in a workweek. 29 U.S.C. § 207(a). The "regular rate" of pay includes all earnings in the week, excluding statutory exclusions, divided by the number of hours of work in the week. Id. § 207(e); 29 C.F.R. §§ 778.108, 778.109.

17. Under the City of Taunton's regular practice in calculating overtime for Plaintiffs and other employees in the Blue Collar Unit, the City of Taunton has failed to include all earnings (excluding statutory exclusions) in the "regular rate."

18. Under the City of Taunton's regular practice in calculating overtime for Plaintiffs and other employees in the Blue Collar Unit, the City of Taunton has also failed to pay one and a half times the regular rate of pay for overtime work.

19. The City of Taunton's failure to pay one and a half times the employees' regular rate of pay for hours worked beyond forty hours in a workweek violates the Fair Labor Standards Act.

20. The City of Taunton acted with reckless disregard as to its obligation to one and a half times the employees' regular rate of pay for hours worked beyond forty hours in a workweek, and accordingly, the violation was willful for purposes of the Fair Labor Standards Act, 29 U.S.C. § 255(a).

21. As a result of the City of Taunton's unlawful conduct, the Plaintiffs and all similarly situated employees suffered a loss of wages.

## **REQUESTS FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court:

1. Certify this action as a collective action.

2. Award the named plaintiffs and all bargaining unit members who opt in to this action the balance of overtime pay due to them for the past three years, plus liquidated damages of up to 100% of the back pay award. 29 U.S.C. § 216(b).

3. Award the named plaintiffs and all bargaining unit members who opt in to this action prejudgment interest on the unpaid overtime pay.

4. Award plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

5. Award plaintiffs and members of the plaintiff class such other and further relief as justice may require.

## **JURY TRIAL DEMAND**

Plaintiffs claim a trial by jury on all issues so triable.

DATED: February 25, 2003

PLAINTIFFS JOE SYLVIA AND KEVIN SULLIVAN,

BY THEIR ATTORNEYS,

*/s/ Ira Sills*

Ira Sills, Esq. BBO # 462220
Indira Talwani, BBO # #645577
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108
(617) 742-0208

# EXHIBIT

# A

## OPT-IN CONSENT FORM

I have a claim for unpaid overtime pay as a result of the City of Taunton's practice of incorrectly calculating overtime pay rates. I hereby consent and agree to pursue my claim for such unpaid overtime pay as a plaintiff in the collective action, <u>Joe Sylvia and Kevin Sullivan v. City of Taunton</u>, a lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201, being filed in United States District Court for the District of Massachusetts.

I agree to be bound by any decision of the Court in this matter and by any settlement of this action approved by plaintiffs' attorneys Segal, Roitman & Coleman and this Court as fair, adequate and reasonable.

JOSEPH T SYLVIA
[print full name]

410 Lincoln Ave
[print street address]

N. Dighton , MA , 02764
[city]       [state]   [zipcode]

DATED: 2-16-03 , 2003          Joseph T Sylvia
       [month and date]              [signature]

## OPT-IN CONSENT FORM

I have a claim for unpaid overtime pay as a result of the City of Taunton's practice of incorrectly calculating overtime pay rates. I hereby consent and agree to pursue my claim for such unpaid overtime pay as a plaintiff in the collective action, <u>Joe Sylvia and Kevin Sullivan v. City of Taunton</u>, a lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201, being filed in United States District Court for the District of Massachusetts.

I agree to be bound by any decision of the Court in this matter and by any settlement of this action approved by plaintiffs' attorneys Segal, Roitman & Coleman and this Court as fair, adequate and reasonable.

KEVIN SULLIVAN
[print full name]

971 MIDDLEBORO AVE
[print street address]

EAST TAUNTON , MA , 02718
[city]           [state]   [zipcode]

DATED: 2-13-03 , 2003    *Kevin Sullivan*
       [month and date]      [signature]

**03 1035 MEL**

JS 44 (Rev. 3/99)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Joseph T. Sylvia and Kevin Sullivan

### DEFENDANTS
City of Taunton

(b) County of Residence of First Listed Plaintiff **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Bristol**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Indira Talwani, Esq.
Segal, Roitman & Coleman
11 Beacon St., Suite 500
Boston, MA 02108   (617)742-0208

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 U.S.C. sec.201 et.seq. Failure to pay overtime pay under the Fair Labor Standards Act

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE 2/25/03

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# SEGAL, ROITMAN & COLEMAN

COUNSELLORS AT LAW
11 BEACON STREET
SUITE 500
BOSTON, MASSACHUSETTS 02108

ROBERT M. SEGAL (1915-1999)
DONALD J. SIEGEL
PAUL F. KELLY
IRA SILLS
MARY THOMAS SULLIVAN*
SHELLEY B. KROLL
BURTON E. ROSENTHAL
ANNE R. SILLS
KATHRYN S. SHEA
INDIRA TALWANI**
ELIZABETH ARIENTI SLOANE
MICHAEL J. DOHENY
JACQUELINE M. NUNEZ

OF COUNSEL
RICHARD W. COLEMAN
HAROLD B. ROITMAN
JOANNE F. GOLDSTEIN
JOSEPH P. MCKENNA, Jr.
PAUL S. HOROVITZ

03-10359 MEL

* Also Admitted to the
  New Hampshire Bar

**Also Admitted to
  the California Bar

February 25, 2003

***BY HAND***

Tony Anastas, Clerk
U.S. District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re: **Joseph T. Sylvia and Kevin Sullivan v. City of Taunton**

Dear Mr. Anastas:

Enclosed for filing in the above-mentioned case, please find the Civil Cover Sheet, an original Complaint setting forth a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. and, attached as Exhibit A to the Complaint, Opt-In Consent Forms for each of the named Plaintiffs. Also enclosed are copies of these documents to be date-stamped and a Summons to be signed by the clerk. Finally, a check for $150.00 for the filing fee is also enclosed.

Please return the date-stamped copies of the documents and the signed Summons by messenger.

Very truly yours,

Indira Talwani

Encl.

lt/liunalocal1144/clerk.doc

TEL: (617) 742-0208 • FAX: (617) 742-2187

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Joseph T. Sylvia v. City of Taunton

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                       YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                       YES        (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                       YES        (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                       YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                       (YES)       NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      (EASTERN DIVISION)        CENTRAL DIVISION        WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION          CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Indira Talwani
ADDRESS  Segal, Roitman & Coleman, 11 Beacon St., Suite 500, Boston, MA 02108
TELEPHONE NO.  617-742-0208

(Cover sheet local.wpd - 11/27/00)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**03   10359 MEL**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Joseph T. Sylvia v. City of Taunton

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES     (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES     (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES     (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)     NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      (EASTERN DIVISION)     CENTRAL DIVISION     WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION     CENTRAL DIVISION     WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Indira Talwani
ADDRESS  Segal, Roitman & Coleman, 11 Beacon St., Suite 500, Boston, MA 02108
TELEPHONE NO.  617-742-0208

(Cover sheet local.wpd - 11/27/00)